**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 11-4016**

─────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

GARY KY-YON GRAY, a/k/a Pondie,

              Defendant - Appellant.

─────────

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:09-cr-00009-RLV-DCK-3)

─────────

Submitted: August 25, 2011        Decided: August 29, 2011

─────────

Before MOTZ, DUNCAN, and KEENAN, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

William Andrew Jennings, Hickory, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Gary Ky-yon Gray pled guilty to conspiracy to distribute and possess with intent to distribute cocaine base. The district court sentenced him to 262 months of imprisonment, the bottom of his correctly-calculated advisory Sentencing Guidelines range. Gray's counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that, in counsel's view, there are no meritorious issues for appeal, but questioning whether Gray's sentence was reasonable in light of his request for a variance or a downward departure. For the reasons that follow, we affirm.

In fulfilling our duty under Anders, we have reviewed the guilty plea for any error, and find none. The district court fully complied with Fed. R. Crim. P. 11 in accepting Gray's guilty plea. The court ensured that Gray understood the charge against him and the potential sentence he faced, that he entered his plea knowingly and voluntarily, and that the plea was supported by an independent factual basis. United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). Accordingly, we affirm Gray's conviction.

We have reviewed Gray's sentence and determine that it was properly calculated and that the sentence imposed is reasonable. Gall v. United States, 552 U.S. 38, 51 (2007);

2

*United States v. Llamas*, 599 F.3d 381, 387 (4th Cir. 2010). The district court followed the necessary procedural steps in sentencing Gray, appropriately treated the Sentencing Guidelines as advisory, properly calculated and considered the applicable Guidelines range, and weighed the relevant 18 U.S.C. § 3553(a) (2006) factors in light of Gray's individual characteristics and circumstances. The district court adequately explained its reasons for denying a variance, noting that Gray was a career offender and expressing dismay that he had gone back to selling drugs shortly after being released from federal prison for the same offense. We conclude that the district court did not abuse its discretion in imposing the chosen sentence. See *Gall*, 552 U.S. at 41; *United States v. Allen*, 491 F.3d 178, 193 (4th Cir. 2007) (applying appellate presumption of reasonableness to within-Guidelines sentence).

In accordance with *Anders*, we have reviewed the entire record in this case, including the issues raised in Gray's pro se supplemental brief, and have found no meritorious issues for appeal. This court requires that counsel inform Gray, in writing, of the right to petition the Supreme Court of the United States for further review. If Gray requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must

3

state that a copy thereof was served on Gray.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
